Jim Hannah, Chief Justice, concurring. |TI concur in the conclusion reached by the majority; however, I write separately to state that the letters sent by Barbara House, House Properties’ secretary, served as notice to Pulaski County and the Commissioner that MEN Holdings had an interest in Parcel 700. It then was incumbent upon the Commissioner to take “additional reasonable steps” to attempt to provide notice to MEN Holdings of the sale, pursuant to the United States Supreme Court’s holding in Jones v. Flowers, 547 U.S. 220, 225, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). In Flowers, Jones, the property owner, challenged a tax sale and claimed that the Commissioner failed to provide notice to him. The Commissioner had not taken any steps to provide notice beyond two pre-sale certified letters and a publication in the local newspaper, and the Commissioner knew that the certified letters to Jones had been returned. The circuit court found that the Commissioner’s notice complied with constitutional due-process requirements and ruled in favor of the Commissioner and Flowers, the purchaser at the tax sale. We agreed and affirmed the circuit court’s judgment. The United States Supreme Court reversed, holding that “when mailed notice of a tax sale is returned ^unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so.” Jones, 547 U.S. at 225, 126 S.Ct. 1708. Similarly, in the present case, upon learning from Ms. House that MEN Holdings had an interest in Parcel 700, the Commissioner sent two letters to MEN Holdings — one pre-sale and one post-sale — but both letters were returned as undeliverable. When the first letter was returned, the Commissioner was under an obligation to take “additional reasonable steps” to attempt to provide notice to MEN Holdings because it had already been identified as having an interest in the properly even though its interest was unrecorded. Therefore, on that basis, I would hold that the Commissioner failed to comply strictly with the notice requirements set forth in Arkansas Code Annotated section 26-37-301 (Repl. 2012). Corbin and Danielson, JJ., join.